United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30462

SABRINA A. SKELDON

Plaintiff-Appellant-Cross-Appellee,

v.

JOHN ASHCROFT

Defendant-Appellee-Cross-Appellant

Appeal from the United States District Court
For the Western District of Louisiana

(99-CV-1177)

Before BENAVIDES, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sabrina Skeldon appeals that portion of the district court's final judgment that denied her motion for attorney's fees, costs, and other equitable relief despite the jury's verdict in her favor on her hostile work environment claim. The Government appeals that portion of the district court's final judgment that denied the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Government's Rule 50 motion for judgment as a matter of law as to Skeldon's hostile work environment claim. We review Skeldon's challenge to the district court's post-verdict denial of her motion for attorney's costs, fees, and equitable relief for an abuse of discretion. Brady v. Fort Bend County, 145 F.3d 691, 716 (5th Cir. 1998) (citations omitted). While our review of the district court's denial of the Government's Rule 50 motion for judgment as a matter of law is *de novo*, see Burge v. St. Tammany Parish, 336 F.3d 363, 368 (5th Cir. 2003), we will only overturn a jury verdict when the evidence points "so strongly and overwhelmingly in favor of one party that the court believes that reasonable [jurors] could not arrive at any contrary conclusion." Baltazor v. Holmes, 162 F.3d 368, 373 (5th Cir. 1998)(quoting Boeing v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969)(en banc)).

After reviewing the record, we conclude that Skeldon has failed to show that the district court abused its discretion in denying her motion for attorney's fees, costs, and equitable relief. We also conclude that sufficient evidence exists to support the jury's verdict on Skeldon's hostile work environment claim. Accordingly, the district court's final judgment is AFFIRMED.


AFFIRMED.